**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN VASQUEZ, | No. 07-55707 |
| Petitioner - Appellant, | D.C. No. CV-05-02267-DMS |
| v. | |
| JAMES WALKER, | |
| Respondent - Appellee. | |

| | |
|---|---|
| ALBERTO RENTERIA, | No. 07-55715 |
| Petitioner - Appellant, | D.C. No. CV-05-02266-DMS |
| v. | |
| JAMES WALKER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted November 6, 2009
Pasadena, California

_____

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:  GOULD and BEA, Circuit Judges, and HART, [**] District Judge.

Ivan Vasquez and Alberto Renteria, California state prisoners, appeal a federal district court's order denying their petitions under 28 U.S.C. § 2254 for writs of habeas corpus.  Appellants contend an opinion by the California Court of Appeal—which affirmed the San Diego Superior Court's denial of their motion for a new trial based on alleged juror misconduct—violated Appellants' due process rights under the Fourteenth Amendment and right to a fair trial under the Sixth Amendment.

We have jurisdiction under 28 U.S.C. §§ 1291, 2253(c).  When reviewing a district court's denial of habeas corpus relief, we review the district court's legal holdings *de novo* and its factual findings for clear error.  *Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (en banc).  We affirm because there is no evidence in the record that an extraneous influence affected the jury deliberations.  Thus, on Appellants' moetion for new trial, the trial court did not violate Appellants' constitutional rights by excluding from evidence the declarations of two jurors addressing what happened in the jury room.

---

[**]  The Honorable William T. Hart, United States District Judge for the Northern District of Illinois, sitting by designation.

Each Appellant was convicted of two counts of assault with a deadly weapon by means of force likely to cause great bodily injury "for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further or assist in criminal conduct by gang members," in violation of California Penal Code §§ 245(a)(1), 186.22(b)(1).

Before sentencing, Appellants moved the Superior Court for a new trial. In support, Appellants filed with the court, *inter alia*, declarations from two of the trial jurors. The jurors declared that, during deliberations, the foreman read the jury instructions to the jurors, but then incorrectly stated the defendants aided and abetted the attack if they were present but refused to intervene. Further, the jurors declared the foreman refused to allow all but one of the other jurors to read the written jury instructions. After holding four hearings, the Superior Court denied Appellants' motion for a new trial. The California Court of Appeal and the California Supreme Court denied their petitions on this same basis, as did the federal district court.

Absent evidence of some "extraneous influence" on the jury, Supreme Court law that was well-established at the time of Appellants' trial, "flatly prohibited the admission of juror testimony to impeach a jury verdict." *Tanner v. United States*, 483 U.S. 107, 117 (1987); *see also* Fed. R. Evid. 606(b); Cal. Evid. Code § 1150.

3

The same rule applies when a defendant raises a Sixth Amendment challenge to a jury verdict based on improper influence. *Estrada v. Scribner*, 512 F.3d 1227, 1238 (9th Cir. 2008).

Here, the only evidence presented was evidence of internal jury deliberations. The declarations of the jurors were silent with respect to the reason for the foreman's misstatement of the law. Further, the foreman's refusal to allow all but one juror to read the instructions is likewise an internal, not external, influence on the jury's deliberations. The trial judge read the jury instructions to the jury in open court, and the foreman read those instructions to the jury again during their deliberations. Further, if any juror had a question about the jury instructions and whether the foreman's interpretation of them was correct, the jury could have asked the trial court a question to clarify the meaning of those instructions.

Counsel for Appellants interprets an extraneous influence to include a juror's erroneous legal interpretation of the jury instructions. This interpretation is not correct. Federal courts have interpreted an "extraneous influence" as an external influence on the jury. *See*, *e.g.*, *Mattox v. United States*, 146 U.S. 140, 148–53 (1892) (holding admissible juror testimony describing how, during the deliberations, the jury read outside information not admitted into evidence). For

example, a juror's discussion of his mother's murder while deliberating in an unrelated case was deemed "extraneous evidence," *see Estrada*, 512 F.3d at 1238, as was a jury's discussion of a highly publicized telephone call, excluded from evidence by the trial judge, in which the caller took credit for the crime at issue in the case, *see Sassounian v. Roe*, 230 F.3d 1097, 1108 (9th Cir. 2000).

In contrast, federal courts have deemed evidence of a juror's mental processes—for example, a juror's ability to hear or comprehend evidence—as evidence of *internal* influences that a trial court cannot admit into evidence to impeach a jury verdict. *See Tanner*, 483 U.S. at 118; *see also United States v. Rutherford*, 371 F.3d 634, 640 (9th Cir. 2004) (holding that the jury's consideration, during deliberations, of the defendant's failure to testify was inadmissible evidence of internal influences).

*Irvin v. Dowd*, 366 U.S. 717 (1961), does not alter our analysis. In *Irvin*, the issue was whether the trial court should have granted a defendant's motion to change venue where the prosecutor had so widely publicized the defendant's confession to the murders that all the jurors were unduly influenced before the trial even began. *Id.* at 727. Evidence that the jury pool is tainted in a particular venue due to press coverage is evidence of an external influence on the jury. By contrast,

5

this case involves evidence of a juror's own internal mental processes, evidence that was properly excluded by the trial judge in accordance with *Tanner*.

Here, the decision of the California Court of Appeal was not contrary to clearly established federal law. Although the Court of Appeal's decision relied on California law, the decision stated the same distinctions between admissible evidence of external influences on jury deliberations and inadmissible evidence of jurors' mental processes. Because there is no evidence in the record of any extraneous influence on the jury, Appellants fail to meet the burden to prove the state court's decision was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**AFFIRMED.**